**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CAPITAL DEVELOPMENT
AFFILIATES LLC,

    Plaintiff-Counter Defendant -
Appellee,

v.

ZEALAND BENJAMIN THIGPEN, III,

    Defendant-Counterclaimant
Cross - Plaintiff - Appellant,

and

ICD METALS, LLC,

    Third-Party Defendant.

No. 18-5035
(D.C. No. 4:17-CV-00426-CVE-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.
_____

Zealand Benjamin Thigpen, III, appearing pro se, appeals the district court's

entry of summary judgment in favor of Capital Development Affiliates LLC on

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Capital's claim for breach of contract.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Thigpen and his wife were sole members of Julimar Trading, LLC, which was involved in a joint venture with ICD Metals.  ICD had the right of first refusal to provide funding to Julimar for the purchase of inventory (industrial metallic alloys) for resale.  Julimar became indebted to ICD for nearly $3 million.  In September 2015, Julimar executed and delivered to ICD a Demand Note acknowledging that Julimar was obligated to pay ICD the amount owing plus interest at the rate of 12% per annum.  The Note was due and payable on demand.  To induce ICD to continue to extend the loan under the Note to Julimar, Thigpen executed a Guaranty in which he made an absolute, unconditional, continuing, direct, and immediate guaranty of prompt, punctual, and full payment of all Julimar's present and future indebtedness, liabilities, and obligations to ICD.  In February 2016, Thigpen and his wife executed an Amended and Restated Guaranty with materially identical promises as the first Guaranty.

In April 2016, ICD assigned the Note and Amended Guaranty to appellee Capital.  A month later, Capital called the Note and Amended Guaranty due and immediately payable.  Julimar and Thigpen failed to pay the balance owed.  In June 2017, Capital filed this action against Thigpen, asserting one claim for breach of the Amended Guaranty and eventually moving for summary judgment.  Thigpen was represented by counsel and opposed the motion.  He argued that under New York law

2

(the controlling law per the Amended Guaranty), the Amended Guaranty was unenforceable because ICD had acted in bad faith; Thigpen had signed it in reliance on ICD's promise to continue to extend financing for the joint venture with Julimar, but ICD had failed to do so almost immediately after Thigpen signed the initial Guaranty. Thigpen also argued that there was lack of consideration for the Amended Guaranty. The district court granted summary judgment to Capital, concluding that it had demonstrated its entitlement to payment under the Amended Guaranty and that Thigpen failed to raise a triable issue regarding his defenses. Thigpen appeals.

## DISCUSSION

In his opening, pro se brief, Thigpen provides a factual background, but his only argument is made by claiming there are disputed factual issues precluding summary judgment, pointing us to the brief he filed in the district court in opposition to Capital's motion for summary judgment, and reiterating his view (unsupported by any record citation) that he signed the Guaranty based on ICD's promise of continued financing. This is insufficient to garner appellate review.

Although we afford a liberal construction to a pro se litigant's pleadings and hold them to less stringent standards than pleadings attorneys draft, we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Federal Rule of Appellate Procedure 28(a) lists the requirements for an appellant's brief. One of those requirements is that an "appellant's brief must contain . . . the argument, which must

3

contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).

Consistent with Rule 28(a)(8)(A)'s requirements, "we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Further, our local rule provides that "[i]ncorporating by reference portions of lower court or agency briefs or pleadings is disapproved and does not satisfy the requirements of Fed. R. App. P. 28(a)." 10th Cir. R. 28.3(B). Applying these rules, we have declined to consider arguments purportedly made "through incorporation by reference to . . . trial court papers or other materials." *United States v. Gordon*, 710 F.3d 1124, 1137 n.15 (10th Cir. 2013). We do the same here and decline to consider arguments Thigpen purports to make by incorporating the brief his attorney filed in the district court opposing Capital's motion for summary judgment. This is not a mere technicality. Simply incorporating a district court brief does not explain why an appellant thinks the district court erred in rejecting the arguments set out in that brief.

In his appellate reply brief, Thigpen provides a materially verbatim excerpt from his district court brief. But we ordinarily consider arguments made for the first time in a reply brief waived because they come too late for the appellee to address in writing, and it is "unfair to the court itself, which, without the benefit of a response from appellee to an appellant's late-blooming argument, would run the risk of an

improvident or ill-advised opinion, given our dependence . . . on the adversarial process for sharpening the issues for decision." *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277–78 (10th Cir. 1994) (internal quotation marks omitted). And just like incorporating a district court brief, simply reciting arguments made in the district court without addressing the district court's treatment of those arguments does not assist in our review. We therefore decline to exercise any discretion we have to consider the arguments Thigpen makes in his appellate reply brief.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Allison H. Eid
Circuit Judge